UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

EMILY PENZO,                                            19-cv-7478 (MKV)(KHP)

                    Plaintiff,                  **DECLARATION IN**
                                                                  **SUPPORT OF MOTION**
          -against-                 **TO WITHDRAW**

CONSOLIDATED EDISON COMPANY OF
NEW YORK, INC.,

                    Defendant.

-----------------------------------------------------------------X

LAINE ALIDA ARMSTRONG, under penalty of perjury, declares as follows:

1. I am admitted to practice before this Court, am admitted to the Bar of the State of New York, and of counsel to Advocates for Justice, Chartered Attorneys ("AFJ-CA"), counsel to Plaintiff, Emily Penzo. I am fully familiar with the facts stated herein and make this declaration in support of AFJ-CA's motion to withdraw as counsel to Plaintiff in this action against Defendant Consolidated Edison Company of New York, Inc. ("Con Edison").

2. AFJ-CA was retained in August 2019 to represent Plaintiff in this action the day before the applicable statute of limitations expired.

3. Plaintiff signed a contingency retainer agreement in which AFJ-CA advises Plaintiff that the firm may seek to withdraw as counsel.

4. Irreconcilable differences have arisen between Plaintiff and AFJ-CA as to the appropriate approach to our representation of her in this case, and Plaintiff refuses to cooperate with counsel in the prosecution of this action by failing to communicate with AFJ-CA in a meaningful manner, and disregarding counsel's advice.

5. During discovery, Plaintiff refused to authorize the deposition of certain Con Ed representatives whose knowledge counsel advised was critical to establishing Plaintiff's claims of retaliation. Plaintiff has also advised counsel on several occasions that counsel misapprehends the law, that counsel is improperly failing to apply certain legal theories (that counsel believes are inapplicable) to the facts of her case, and that there are inarguably issues of fact that will be resolved in favor of Plaintiff but that counsel has failed to identify.

6. In addition, Plaintiff has refused to communicate with counsel regarding crucial issues, including responding to counsel's repeated request that Plaintiff identify the location of relevant emails and documents necessary for the prosecution of her case. Plaintiff has also refused to identify for counsel case law Plaintiff claims establishes that she will prevail in opposition to any motion for summary judgment and will prevail at trial.

7. Prior to making this motion, counsel contacted Plaintiff who indicated that she will **not** consent to AFJ-CA's withdrawal as her counsel and that she expects counsel to represent her through trial even though counsel vigorously disagrees with her assessment of the case strength and case strategy. Counsel requested that Plaintiff confirm the above in writing. As of yet, Plaintiff has not provided written confirmation that she does not consent to this motion, and instead has insisted that counsel again provide her with reasons for making this motion.

8. AFJ-CA has devoted well over 200 hours to representing Plaintiff, who continues to reject counsels' advice. In addition, AFJ-CA has advanced thousands of dollars for to cover expenses of Plaintiff's lawsuit that have not been reimbursed. As such, continued representation of the client would constitute a financial hardship for our firm.

9. No prejudice to Plaintiff will occur should the Court grant AFJ-CA's motion to withdraw. Discovery is complete pending production of certain documents requested during

depositions, the parties have not yet entered into a briefing schedule for Defendant's anticipated Motion for Summary Judgment, and Plaintiff will have opportunity to find counsel to represent her in opposition to Con Edison's motion and at trial. In addition, Plaintiff has the choice to proceed *pro se* if she prefers.

10. Local Rule 1.4 of the Southern District of New York permits the withdrawal of counsel of record by order of the Court upon a showing by affidavit or otherwise for satisfactory reasons.

11. It is submitted that this declaration provides ample bases for counsel's and her firm's request for such withdrawal.

WHEREFORE, AFJ-CA respectfully requests that the Court issue an order granting it leave to withdraw as Counsel of record for the Plaintiff and for such other further relief as this Court deems just and proper.

I certify that all of the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: December 28, 2020
New York, New York

/s/ *Laine Alida Armstrong*
LAINE ALIDA ARMSTRONG