USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/5/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMILY PENZO,

                Plaintiff,

-against-

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,

                Defendant.

1:19-cv-07478-MKV

**ORDER**

MARY KAY VYSKOCIL, United States District Judge:

On January 1, 2024, Plaintiff filed a Motion for Attorney's Fees and Costs pursuant to "New York City Human Rights Law ['NYCHRL'] § 8-101 et seq. and the Court's December 18, 2023" Judgment filed at ECF No. 178. [ECF No. 187 ("Motion")]. The Motion is not accompanied by a memorandum of law or any supporting affidavits or exhibits. On January 16, 2024, Defendant filed a memorandum of law in opposition to the Motion, contending that the Motion is procedurally defective for failure to comply with Local Civil Rule 7.1(a). [ECF No. 190]. On January 19, 2024, Plaintiff filed a memorandum of law in support of her Motion, including several affidavits and exhibits. [ECF No. 197]. On the same date, Plaintiff filed a letter explaining her failure to comply with Local Civil Rule 7.1(a). [ECF No. 198]. On January 24, 2024, Defendant filed a letter again requesting that the Court deny Plaintiff's motion as procedurally defective or, in the alternative, permit Defendant until February 16, 2024 to file an opposition addressing the Motion on the merits. [ECF No. 202].

The NYCHRL provides that the Court, "in its discretion, may award the prevailing party reasonable attorney's fees, expert fees and other costs." NYCHRL § 8-502(g). Pursuant to Rule 54(d)(2) of the Federal Rules of Civil Procedure, a request for attorney's fees and related nontaxable expenses "must be made by motion." Fed. R. Civ. P. 54(d)(2)(A). "Unless a statute

or a court order provides otherwise," such a motion must "(i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made." Fed. R. Civ. P. 54(d)(2)(B). Thereafter, the Court "must, on a party's request, give an opportunity for adversary submissions on the motion." Fed. R. Civ. P. 54(d)(2)(C).

Plaintiff's Motion facially complied with the requirements of Rule 54(d)(2)(B). *See* Motion. However, Local Civil Rule 7.1 requires "all motions" ("[e]xcept for letter-motions as permitted by Local Rule 7.1(d)") to include a memorandum of law and any supporting affidavits and exhibits necessary for decision of the motion. Loc. Civ. R. 7.1(a). Although the Court did not expressly order such submissions to supplement the requirements of Rule 54(d)(2)(B), the Local Civil Rules "apply in all civil actions and proceedings governed by the Federal Rules of Civil Procedure." Local Civ. R. 1.1. To the extent they "do not conflict with rules prescribed by the Supreme Court, congressional enactments, or constitutional provisions," the Local Civil Rules "have the force of law." *United States v. Yonkers Bd. of Educ.*, 747 F.2d 111, 112 (2d Cir. 1984).

Nonetheless, given the apparent confusion regarding the interaction of the Local Civil Rules and the Federal Rules of Civil Procedure on this issue, and for the sake of efficiency, the Court will, in its discretion, accept Plaintiff's supplemental filing in support of its Motion [ECF

No. 197], and will construe Defendant's letter [ECF No. 202] as a request for an opportunity to file adversary submissions on the Motion pursuant to Federal Rule of Civil Procedure 54(d)(2)(C).

    IT IS HEREBY ORDERED that any opposition to the Motion by Defendant shall be filed by February 16, 2024.  Any reply by Plaintiff shall be filed by February 23, 2024.

**SO ORDERED.**

**Date:  February 5, 2024**  
       **New York, NY**

_____  
**MARY KAY VYSKOCIL**  
**United States District Judge**