UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  10/10/2024
```

EMILY PENZO,

Plaintiff,

-against-

CONSOLIDATED EDISON COMPANY OF
NEW YORK, INC.,

Defendant.

1:19-cv-07478-MKV

**ORDER DENYING DEFENDANT'S
MOTION FOR RULE 11
SANCTIONS**

MARY KAY VYSKOCIL, United States District Judge:

By Opinion and Order dated August 15, 2024, the Court denied Plaintiff's motion for a new trial and granted Defendant leave to file a motion for sanctions against Plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure in connection with the allegations made in Plaintiff's motion that Defendant had tampered with a trial witness.  [ECF No. 228 ("Post-trial Order")].  Therein, the Court permitted Defendant to rest on its pre-motion letter seeking leave as its motion for Rule 11 sanctions, which Defendant opted to do.  [ECF Nos. 223 ("Mot. Sanctions"), 229, 230].  With leave of Court, Plaintiff filed an opposition brief.  [ECF Nos. 231, 232, 234].  Defendant filed a reply brief.  [ECF No. 237].

The Court assumes familiarity with the factual background, procedural history, and trial record in this case.  The facts relevant to Defendant's motion for sanctions—namely, Plaintiff's allegations of Defendant's witness tampering—are set forth in the Court's Post-trial Order.  *See* Post-trial Order 13–21.  For the reasons that follow, Defendant's motion for sanctions is DENIED.

**LEGAL STANDARD**

"A pleading, motion or other paper violates Rule 11 either when it has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a

good faith argument for the extension, modification or reversal of existing law." *Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002) (internal quotation marks omitted). Pursuant to Rule 11(c), "[a] court may sanction an attorney, law firm, or party that violates Rule 11(b), but only after providing notice and a reasonable opportunity to respond." *Lawrence v. Richman Grp. of CT LLC*, 620 F.3d 153, 156 (2d Cir. 2010). A Rule 11 motion "not only must specify the conduct for which sanctions are sought but must not be presented to the court until the alleged violator is afforded twenty-one days to withdraw or correct the offending document." *Id.*[1]

"The standard for imposing Rule 11 sanctions . . . is purposefully high, so as not to stifle legal creativity and zealous advocacy." *Galin v. Hamada*, 283 F. Supp. 3d 189, 201 (S.D.N.Y. 2017), *aff'd*, 753 F. App'x 3 (2d Cir. 2018). Such sanctions should not be imposed "unless a particular allegation is utterly lacking in support." *In Re Highgate Equities, Ltd.*, 279 F.3d 148, 154 (2d Cir. 2002). The Second Circuit has instructed district courts considering the imposition of Rule 11 sanctions to "resolve all doubts in favor of the signer" of the pleading or other paper. *Cross & Cross Props., Ltd. v. Everett Allied Co.*, 886 F.2d 497, 504 (2d Cir. 1989); *see Dakus v. Koninklijke Luchtvaart Maatschappij, N.V.*, No. 22-CV-7962 (RA), 2024 WL 4265646, at *6 (S.D.N.Y. Sept. 23, 2024). "[S]anctions under Rule 11 are discretionary, not mandatory." *Ipcon Collections LLC v. Costco Wholesale Corp.*, 698 F.3d 58, 63 (2d Cir. 2012). Therefore, "even when a district court finds a violation of Rule 11," it may decline to impose sanctions. *Id.*

---

[1] The Court previously found that Defendant complied with this safe harbor provision. Post-trial Order 36 n.20.

2

## **DISCUSSION**

The Court does not find that the allegations by Plaintiff that Defendant's counsel tampered with a witness meet the high bar to justify the imposition of Rule 11 sanctions, and the Court would decline to exercise its discretion to impose sanctions on Plaintiff or her counsel in any event.

The basis for Defendant's motion for sanctions is that the allegations of Defendant's witness tampering made in Plaintiff's motion for a new trial were "objectively false and meritless." Mot. Sanctions 1. In the Post-trial Order, the Court denied Plaintiff's motion for a new trial because the Court found, as relevant here, that Plaintiff's allegations of witness tampering were not proven by clear and convincing evidence, as is required to grant a new trial pursuant to Rule 60(b)(3). *See* Post-trial Order 14–18. But that does not mean that Plaintiff's allegations were so "utterly lacking in support" so as to warrant Rule 11 sanctions. *In Re Highgate*, 279 F.3d at 154. As the Court recognized, Plaintiff's accusations of Defendant's misconduct did have *some*, albeit scant, support: the affidavit of Ms. Betty Griffin, Plaintiff's rebuttal witness who averred that she felt intimidated by Defendant's counsel during a courthouse interaction. *See* Post-trial Order 14–15. In denying Plaintiff's motion for a new trial, the Court found that Defendant had proffered significant evidence rebutting Ms. Griffin's account of the conversation at issue. *See* Post-trial Order 15–16. However, Plaintiff's "assertion of disputed yet supported facts is not improper and does not violate Rule 11." *Sanderson v. Leg Apparel LLC*, No. 1:19-CV-8423-GHW, 2024 WL 498094, at *4 (S.D.N.Y. Feb. 8, 2024).

Defendant contends that Plaintiff's counsel did not reasonably investigate Plaintiff's allegations, or withdraw the allegations upon discovering their falsity. *See* Mot. Sanctions 2–3. However, this is not a case in which Defendant put forth "irrefutable proof that [Plaintiffs'] statement was false" such that the allegations should have been withdrawn. *New Oriental Enter., PTE, Ltd. v. Mission Critical Sols. LLC*, No. 1:20-CV-02327 (MKV), 2022 WL 874783, at *7

(S.D.N.Y. Mar. 24, 2022), *reconsideration denied in part*, No. 1:20-CV-02327 (MKV), 2023 WL 2402820 (S.D.N.Y. Mar. 8, 2023). All parties concede that an interaction between Ms. Griffin and Defendant's counsel occurred prior to Ms. Griffin's testimony as a rebuttal witness at trial. *See* Mot. Sanctions 3. Plaintiff's allegations were largely based on Ms. Griffin's subjective account of that interaction—*i.e.*, how it made her feel. While the Court found in the Post-trial Order that Ms. Griffin's account was contradicted by other evidence such that it did not warrant a new trial, it is not the case that Plaintiff's allegations were entirely factually groundless or based upon pure speculation. *Cf. Goldman v. Barrett*, 825 F. App'x 35, 38 (2d Cir. 2020).

Defendant also contends that Plaintiff's statements regarding Defendant's request to redact the trial transcript were false and are grounds for Rule 11 sanctions. *See* Mot. Sanctions 3. The Court found in the Post-trial Order that Defendant's request to redact several pages of sidebar from a portion of the trial transcript to be sent back to the jury was both innocuous and procedurally proper, and that "the record supports that Plaintiff deliberately misrepresented the nature of Defendant's request . . . in an effort to drum up evidentiary support for her allegations of witness tampering." Post-trial Order 16–18, 36. Although the Court found that Plaintiff mischaracterized Defendant's request, the Court acknowledges that Plaintiff's statements were based on Plaintiff's counsel's subjective reaction to Defendant's request and argument as to how the Court should interpret the request. While Plaintiff's counsel's reaction may have been overblown, "Rule 11 neither penalizes overstatement nor authorizes an overly literal reading of each factual statement." *Kiobel v. Millson*, 592 F.3d 78, 83 (2d Cir. 2010) (quoting *Navarro–Ayala v. Hernandez–Colon*, 3 F.3d 464, 467 (1st Cir. 1993)); *see also Wright v. Belafonte*, No. 12 CIV. 7580 (GBD) (RLE), 2014 WL 13111397, at *21 (S.D.N.Y. Mar. 11, 2014) ("statements [that] are merely argument . . . do not violate Rule 11"), *report and recommendation adopted*, No. 12 CIV. 7580 GBD RLE, 2014 WL 1302632 (S.D.N.Y. Mar. 31, 2014), *aff'd*, 687 F. App'x 1 (2d Cir. 2017). Resolving all doubts

in favor of Plaintiff, as the court must on a Rule 11 motion, *Cross & Cross Props.*, 886 F.2d at 504, the Court does not find that Plaintiff's statements about the trial transcript meet the high bar to justify sanctions.

Finally, Defendant points to Plaintiff's counsel's purported direct contact with an employee of Defendant, a represented party, and her attempt to have that employee sign an affidavit in support of Plaintiff's allegations of witness tampering, as unethical and further evidence of Plaintiff's false allegations. *See* Mot. Sanctions 3. However, Rule 11 applies only to "pleading[s], motion[s], or other paper[s] signed by a party or his counsel" and therefore "was not intended to provide a mechanism for imposing sanctions for any and all improper conduct of a party or its counsel during the litigation." *F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1268 (2d Cir. 1987). The Court therefore declines to consider Defendant's arguments regarding Plaintiff's counsel's alleged ethical violations as a potential basis for Rule 11 sanctions.

In sum, the Court declines to exercise its discretion to impose Rule 11 sanctions upon Plaintiff or her counsel in this case. Throughout the history of this case, including at trial and in post-trial motion practice, both parties and their counsel engaged in conduct that was lacking in civility and professional courtesy and that needlessly protracted the litigation. Both sides, at various times, filed motions and advanced arguments that bordered on frivolity. While the Court does not countenance this conduct, it does not find that Plaintiff's actions, considered against the backdrop of this case as a whole, merit the imposition of Rule 11 sanctions. *See Tantaros v. Fox News Network LLC*, No. 17 CIV. 2958 (GBD), 2018 WL 1662779, at *4–*5 (S.D.N.Y. Mar. 16, 2018) (declining to impose sanctions even where "Plaintiff and her counsel have proceeded with an aggressive, scorched-earth, take-no-prisoners approach to this litigation," including in

consideration of "the unique procedural history of this case" and that "there is no evidence here to conclude that Plaintiff did not sincerely believe in her claims").

## **CONCLUSION**

For the foregoing reasons, Defendant's motion for Rule 11 sanctions against Plaintiff is DENIED. This case remains closed. Absent extenuating circumstances, the Court will not entertain further filings in this case.

**SO ORDERED.**

Date:  **October 10, 2024**
       **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**