USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/3/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMILY PENZO,

                          Plaintiff,

              -against-

CONSOLIDATED EDISON COMPANY OF
NEW YORK, INC.,

                          Defendant.

1:19-cv-07478-MKV

**OPINION AND ORDER
CONDITIONALLY GRANTING
STAY OF ENFORCEMENT
PENDING APPEALS**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Emily Penzo sued her former employer, Defendant Consolidated Edison Company of New York, Inc., alleging that Defendant discriminated and retaliated against her based on her disability in violation of the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"), and that Defendant retaliated against her and interfered with her benefits in violation of the Family and Medical Leave Act. Following a four-day trial at which nine witnesses testified and sixty-six exhibits were received in evidence, a jury returned a verdict for Plaintiff on a single claim of retaliation in violation of the NYCHRL, and awarded Plaintiff compensatory damages in the form of back pay in the amount of $203,951.35. [ECF No. 173 ("Special Verdict Form")]. The jury found for Defendant on Plaintiff's remaining seven claims. *See* Special Verdict Form.

Thereafter, the Court entered final judgment in favor of Plaintiff in the amount of the jury's award, plus pre-judgment interest in the amount of $31,078.83, pursuant to the New York Civil Practice Law and Rules ("CPLR"), and post-judgment interest accruing from the date of judgment to payment, pursuant to 28 U.S.C. § 1961. [ECF No. 178 ("Judgment")]. Under the NYCHRL, the Court "may award the prevailing party reasonable attorney's fees, expert fees and other costs."

NYCHRL § 8-502(g). As such, after further briefing [ECF Nos. 187, 197, 204, 216-218], the Court issued an order awarding Plaintiff attorneys fees in the amount of $240,813.00 and costs in the amount of $16,888.07. [ECF No. 233 ("Attorneys' Fees Order")].

Subsequently, Plaintiff moved for a new trial pursuant to Rule 59(a) of the Federal Rules of Civil Procedure, or, in the alternative, to alter or amend the judgment pursuant to Rule 59(e). [ECF Nos. 188, 189, 195]. The Court denied Plaintiff's motion. [ECF No. 228].

Plaintiff appealed both the Court's Attorneys' Fees Order and the Court's denial of her motion for a new trial. [ECF Nos. 238, 239]. Defendant also appealed the Court's Judgment of compensatory damages and pre-judgment interest, [ECF Nos. 178, 196], but has since voluntarily dismissed the appeal. [ECF No. 247].

Defendant now moves to stay enforcement of the Judgment and the Attorneys' Fee Order[1] pending Plaintiff's appeals. [ECF Nos. 248 ("Mot.")]. Defendant filed a memorandum of law and a Declaration of Ephraim J. Pierre in support of its motion. [ECF Nos. 249 ("Def. Mem."), 250 ("Pierre Decl.")]. Plaintiff opposed and requests that defendant be held in contempt of court for refusing to pay the judgment. [ECF No. 251 ("Pl. Opp.")]. Defendant filed a reply, as well as a second Declaration of Ephraim J. Pierre.  [ECF No. 251 ("Pl. Opp."), 252 ("Supp. Pierre Decl"), 253 ("Def. Reply")].[2]

The Court assumes familiarity with the factual background, procedural history, and trial record in this case.  This Order sets forth only those facts necessary to contextualize the Court's rulings on the present motions.  For the reasons explained below, the Defendant's motion is

---

[1] In its motion, Defendant refers to the Judgment and the Attorneys' Fee Order Order jointly as "the Judgments."
[2] Defendant also requests oral argument on its motion to stay.  Def. Mem. Because oral argument is not needed to rule on its motion, Defendant's request for oral argument is denied. *See AD/SAT, Div. of Skylight, Inc. v. Assoc. Press*, 181 F.3d 216, 226 (2d Cir. 1999) (per curiam) (noting that "a district court's decision whether to permit oral argument rests within its discretion" (citing *Katz v. Morgenthau*, 892 F.2d 20, 22 (2d Cir. 1989))); *see also Henderson v. Lagoudis*, No. 3:12cv1688 (JBA), 2014 WL 813120, at *1 n.1 (D. Conn. Feb. 28, 2014) (denying request for oral argument because it was not necessary to decide pending motion).

GRANTED on the condition that Defendant posts a supersedeas bond in the amount of the judgment, associated interest, and awarded attorneys' fees and costs. Plaintiff's request to hold Defendant in contempt of court is DENIED.

## DISCUSSION

### I.    Defendant's Motion to Stay Enforcement of Judgment

Defendant argues that it is entitled to a stay of enforcement of the Judgment as of right and attests (through counsel) in its moving papers that it is "willing and readily able" to post a supersedeas bond or security for the Judgments. Def. Mem. at 6; Pierre Decl. ¶¶ 8, 9. Alternatively, Defendant argues that good cause exists to grant a stay to preserve the *status quo* given the uncertainty created by Plaintiff's pending appeal seeking a new trial. Def. Mem. at 7-8. l.

*A.    Stay As of Right*

Under Rule 62(b) of the Federal Rules of Civil Procedure, "a party may obtain a stay [of execution of a judgment] by providing a bond or other security" at "any time after judgment is entered." The stay "takes effect when the Court approves the bond or other security." Fed. R. Civ. P. 62(b). That is to say, the appellant is entitled to a stay as a matter of right upon receiving judicial approval of the bond. *See Georgiev v. ADSAD, LLC*, No. 19-cv-122, 2021 WL 3159853, at *1 (S.D.N.Y. June 21, 2021) (citing *Cohen v. Metro. Life Ins. Co.*, 334 F. App'x 375, 378 (2d Cir. 2009)).

Defendant affirms that it has received pre-approval for a supersedeas bond in the amount of the judgments plus required interest as of January 9, 2025. Supp. Pierre Decl. ¶ 4. But Defendant has not posted a bond or any security or expressly moved that a bond be excused.[3] Rather,

---

[3] Defendant for the first time in its Reply, states that it moved for the Court to "dispense with the posting of a supersedeas bond or security." Def. Reply at 3. Defendant did not do so. The present motion moves for "an order pursuant to Rule 62(b) the Federal Rules of Civil Procedure granting Defendant's Motion to Stay the Enforcement of the Judgements [*sic*]" without any request for waiver of the bond requirement. Mot.

Defendant declares in its moving papers that such a bond or security would be an "unnecessary and onerous litigation task" given Con Edison's clear ability to satisfy the Judgment without "substantial delay or other difficulty" after Plaintiff's appeals are determined. Def. Mem. at 6-7.

Defendant argues that courts "routinely waive bonding requirements in such circumstances." Def. Mem. at 7. (citing *In re Nassau Cnty. Strip Search Cases*, 783 F.3d at 418 and citing *Moore v. Navillus Tile, Inc.*, 2017 WL 4326537, at **1-2 (S.D.N.Y. Sep. 28, 2017) and citing *Grant v. Lockett*, 2019 WL 1872967, at **4-5 (N.D.N.Y. Apr. 26, 2019)). Defendant's cited cases hardly establish a routine. In fact, the Court in *Navillus Tile, Inc.* denied an applicant's motion to stay enforcement of judgment without the posting of a bond. *Moore*, 2017 WL 4326537, at **6.

The Second Circuit has held that a court may, in its discretion, grant a stay without requiring a bond "if the appellant provides an acceptable alternative means of securing the judgment" and in consideration of several factors. *In re Nassau Cnty. Strip Search Cases*, 783 F.3d 414, 417 (2d Cir. 2015) (citing *FDIC v. Ann–High Assocs.*, No. 97–6095, 1997 WL 1877195, at *1 (2d Cir. Dec. 2, 1997) (per curiam) and citing *Olympia Equip. Leasing Co. v. Western Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir.1986)). Those "non-exclusive factors" delineated by the Second Circuit include:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

783 F.3d at 417.

The vast majority of courts in this district applying these factors have denied a motion to stay enforcement without a supersedeas bond. *See, e.g.*, *EMA Fin., LLC v. Joey New York Inc.*, No. 17-CV-9706 (VSB), 2022 WL 2399754, at *3 (S.D.N.Y. July 1, 2022); *U.S. Commodity Futures Trading Comm'n v. eFloorTrade, LLC*, No. 16 CIV. 7544 (PGG), 2020 WL 2216660, at *10 (S.D.N.Y. May 7, 2020); *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 650 (S.D.N.Y. 2018).

Neither party in this case cites to, much less analyzes, the *Strip Search Cases* factors. Instead, Plaintiffs ask this Court to apply a four factor test often used in consideration of stays of injunctions: likelihood of success on appeal, injury to the movant, injury to the non-moving party, and the public interest. Pl. Opp. at 5; *see also Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). However, several courts in this district have interpreted *Strip Search Cases*, as holding that these four factors do not apply to motions seeking relief from the requirement of Rule 62(d). *See Navillus Tile, Inc.*, 2017 WL 4326537, at *3  ("the Circuit made it quite explicit that the *Hilton* factors did not apply to motions seeking relief from the requirement of Rule 62(d); it stated that the [*Strip Search Cases*] factors, 'in contrast to the traditional stay factors, more directly address the primary purpose of Rule 62(d)[,]'"); *EMA Fin., LLC*, No. 17-CV-9706 (VSB), 2022 WL 2399754, at *2 ("The Second Circuit has rejected application of the four-factor test to cases involving monetary damages and has instead implemented the five-factor test articulated in *In re Nassau County Strip Search Cases*"); *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 649 (S.D.N.Y. 2018) (traditional four-factor stay test applies "only when the judgment sought to be stayed is for injunctive or equitable relief"); *Jofaz Transportation, Inc. v. Loc. 854 Pension Fund*, No. 22-CV-3455 (CS), 2024 WL 3887225, at *10 (S.D.N.Y. Aug. 21, 2024) (same). This Court agrees.

There is no argument before the Court relevant to a weighing of the *Strip Search Cases* factors one and two. Factor five weighs against waiving the bond requirement here because, as Defendant attests, it is not in a precarious financial situation and could post bond without risk to other creditors.  Factors three and four do arguably weigh in favor of a stay without the need for a bond. Defendant affirms that it "is fully prepared to timely satisfy the Judgments." Def. Mem. at 4; Pierre Decl. ¶8. Further, as Defendant notes, Con Edison is a publicly listed company with a market capitalization of approximately $31 billion dollars based on current public filings with the U.S. Def. Mem. at 4; Pierre Decl. ¶8. Defendant reportedly has also received pre-approval for a supersedeas bond in the amount of the judgments plus required interest as of January 9, 2025. Supp. Pierre Decl. ¶ 4.

Though two of the five factors seemingly weigh in favor of granting a stay absent a supersedeas bond, the *Strip Search Cases* factors are "non-exclusive." *See* 783 F.3d at 417. "It is in the district court's 'discretion' whether or not to waive the requirement of the bond." *Butler v. Ross*, 2017 WL 6210843, at *4 (S.D.N.Y. Dec. 7, 2017). To date, Defendant has not "secur[ed] the judgment" by any "alternative means." *See* 783 F.3d at 417. Unlike the applicant in the *Strip Search Cases* Defendant has not appropriated funds "available for the purpose of paying judgments without substantial delay or other difficulty." *Id.* at 418. Given the acrimonious relationship between the parties and the, at times, unprofessional behavior that the Court has observed throughout the conduct of this case, Plaintiff has reason to be concerned that, absent a bond, Defendant will not pay without substantial delay if the appeals resolve in such a way that judgment is due. The Court notes that Defendant, acting as a kind of Goliath, has flexed its power, and refused to pay the Judgment for over a year and refused to pay the attorneys' fees for many months, and now, without posting a bond, demands a stay of the judgment as its right. Accordingly, the Court exercises its discretion not to waive the requirement of a supersedeas bond, finding it

necessary to at least ensure the *timely* payment of any judgment due after the resolution of the pending appeals. The judgment may not amount to much for Defendant, but it is likely a significant amount of money to the Plaintiff.

B.    *Good Cause for a Stay*

As Defendant argues, if Plaintiff's appeal is successful, she will be entitled to a new trial and Defendant will owe her no judgment until such time as a new jury decides at least claims in her favor. Def. Mem. at 7. As such, even the Attorneys' Fees Order would be vacated. *See* NYCHRL § 8-502(g) (permitting attorneys' fees only to a "prevailing party."). Ignoring her appeal of the order denying a new trial and focusing only on her appeal of attorneys' fees, Plaintiff suggests that "the only possible outcome [of Plaintiff's appeals] is that Defendant may have to pay more and not less." Pl. Opp. at 4. That is simply wrong. If Plaintiff prevails on her appeal for a new trial, it is possible she may not be entitled to any judgment. A stay of enforcement would avoid the need for Defendant to be forced to try to recoup some or all of the judgment from Plaintiff (depending on the outcome of her appeal and subsequent developments in the case pay the existing judgment to Plaintiff now) if it were to pay the existing judgment to Plaintiff now. As such, the Court agrees that good cause exists to grant a stay here as there is a need to preserve the *status quo* pending appeal. Nevertheless, as discussed above, Defendant has not shown that a waiver of the supersedeas bond requirement is warranted.

The primary purpose of Rule 62(d) is "to ensure recovery for a party who ultimately prevails on appeal, and to protect the judgment debtor from the risk of losing the money if the decision is reversed." *In re Nassau Cnty. Strip Search Cases*, 783 F.3d 414, 418 (2d Cir. 2015). Here, if Plaintiff prevails on her appeal seeking a new rial, she will be owed no recovery at all unless and until new verdict is returned in her favor. This potential outcome warrants a stay of enforcement of the judgment. On the other hand, if Plaintiff loses her merits appeal or wins only

on her appeal of the awarded attorneys' fees, Plaintiff must be secure that she will be paid without substantial delay. This potential outcome warrants the requirement of a supersedeas bond.

## II.    Plaintiff's Request for Sanctions

Plaintiff requests that Defendant be held in contempt of court for refusing to pay the judgment. Pl. Opp. at 6. As Plaintiff acknowledges, the decision to impose sanctions is discretionary. *Id.*; *Sorenson v. Wolfson*, 170 F. Supp. 3d 622, 634 (S.D.N.Y. 2016), *aff'd*, 683 F App'x 33 (2d Cir. 2017) ("The Court has discretion to decide whether to impose sanctions under 28 U.S.C. § 1927 and its inherent authority."). While Defendant continues to display a certain level of arrogance in, for example, declaring, after dodging payment of the judgment without posting a bond, that it is "entitled to a stay of enforcement of the Judgments *as a matter of right*," and that it is "fully prepared to timely satisfy the Judgments" as a publicly listed company while at the same time proclaiming that simply posting a bond would be "onerous," *see* Def. Mem. at 4-6 (emphasis added), the Court finds no bad faith here.

## CONCLUSION

For the foregoing reasons, the Defendant's motion is GRANTED, on the condition that Defendant posts a supersedeas bond in the amount of the judgment, associated interest, and awarded attorneys' fees and costs. The Court further declines to hold Defendant in contempt of court. IT IS HEREBY ORDERED THAT enforcement of the Judgment and Attorneys' Fees Order is stayed pending the appeals if Defendant posts a bond on or before February 17, 2025.

The Clerk of Court is respectfully requested to close the motion at ECF No. 248.

**SO ORDERED.**

Date:  **February 3, 2025**
     **New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**