# MANDATE

24-2466-cv (L)
*Penzo v. Consolidated Edison Co. of N.Y.*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jun 03 2026

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of April, two thousand twenty-six.

Present:

> AMALYA L. KEARSE,
> EUNICE C. LEE,
> *Circuit Judges*,
> ERIC R. KOMITEE,
> *District Judge.*[*]

_____

EMILY PENZO,

> *Plaintiff-Appellant*,

v.

CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.,

> *Defendant-Appellee.*[‡]

Nos. 24-2466-cv (Lead)
24-2543-cv (Con)[†]

_____

---

[*] Judge Eric R. Komitee, of the United States District Court for the Eastern District of New York, sitting by designation.

[†] 24-171, originally consolidated with the cases above, was dismissed by order filed on November 14, 2024.

[‡] The Clerk of Court is respectfully directed to amend the official caption as listed above.

**MANDATE ISSUED ON 06/03/2026**

Case 24-2466, 06/03/2026, DktEntry: 102.1, Page 2 of 11

| For Plaintiff-Appellant: | JOHN MOORE (Jeffrey M. Eilender, *on the brief*), Schlam Stone & Dolan LLP, New York, NY. |
|---|---|
| For Defendant-Appellee: | EPHRAIM J. PIERRE (Amanda M. Williams, *on the brief*), Seyfarth Shaw LLP, New York, NY; Lynelle J. Slivinski, Consolidated Edison Company of New York, Inc., Law Department, New York, NY. |

Appeals from August 15, 2024 and August 28, 2024 orders of the United States District Court for the Southern District of New York (Vyskocil, *J.*) denying the plaintiff's motion for a new trial and denying, in part, the plaintiff's motion for attorneys' fees.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Plaintiff-Appellant Emily Penzo, a former employee of Defendant-Appellee Consolidated Edison Company of New York, Inc. ("ConEd"), brought claims against ConEd under the Americans with Disabilities Act, the Family and Medical Leave Act, the New York State Human Rights Law, and the New York City Human Rights Law for alleged discrimination and retaliation she experienced during her tenure with the company. Specifically, Penzo alleged that after she took leave related to a breast cancer diagnosis, ConEd underpaid her and mistreated her at work, and that after she filed a discrimination charge against ConEd with the Equal Employment Opportunity Commission, the company retaliated against her. Penzo further alleged that ConEd terminated her either in retaliation for filing complaints of discrimination or because of her

disabilities and the related leave she took.[1]

Penzo's case went to trial.   The jury found ConEd liable only on the New York City Human Rights Law retaliation claim, awarding Penzo $203,951.35 in back pay and denying all other relief.   After judgment was entered on the jury verdict, Penzo filed a motion for a new trial, or, in the alternative, to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59 based on one of the district court's evidentiary rulings and allegations of witness tampering at trial.   She also filed a motion for attorneys' fees and costs.   The district court, in an order dated August 15, 2024, denied the motion for a new trial or to alter or amend the judgment, and, in an order dated August 28, 2024, granted the motion for attorneys' fees and costs in part, awarding her $240,813 in attorneys' fees and $16,888.07 in costs.   Penzo appealed both orders.   We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal.

## I.   Penzo's Motion for a New Trial Under Rule 59

In her appeal of the district court's denial of the motion for a new trial pursuant to Rule 59, Penzo raises two issues, (1) that the district court improperly excluded her medical records, and (2) that the district court improperly considered her motion for a new trial on the allegation of witness tampering under Rule 60, though she brought the motion under Rule 59.   We review a district court's denial of a motion for a new trial under Rule 59 for abuse of discretion.   *Legg v. Ulster County*, 820 F.3d 67, 78 (2d Cir. 2016).   "A district court 'abuses' or 'exceeds' the discretion accorded to it when (1) its decision rests on an error of law (such as application of the

---

[1] In addition to taking leave related to her breast cancer diagnosis, Penzo took separate leave after she was injured in a car crash.

wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001) (footnotes omitted). For the reasons explained below, neither of Penzo's arguments presents a ground for reversal or remand.

### A.    Medical Records

In denying Penzo's motion for a new trial, the district court concluded that its exclusion of the medical records was proper because the documents were not authenticated as required by Federal Rule of Evidence 902(11). The district court further reasoned that even if it had erred, "an erroneous evidentiary ruling warrants a new trial only when a substantial right of a party is affected, as when a jury's judgment would be swayed in a material fashion by the error," and no substantial right was impacted here. Special App'x at 29 (quoting *Restivo v. Hessemann*, 846 F.3d 547, 573 (2d Cir. 2017)). We agree.

Courts typically admit medical records into evidence as records of a regularly conducted activity under Federal Rule of Evidence 803(6). *See Loginov v. Sheridan Mem'l Hosp.*, No. 24-8032, 2025 WL 1904470, at *4 (10th Cir. July 10, 2025) ("[M]edical records . . . are routinely admitted as evidence under the business records exception to the rule against hearsay."), *cert. denied*, No. 25-556, 2026 WL 79605 (Jan. 12, 2026); *see also Perpall v. Pavetek Corp.*, No. 12-CV-0336, 2017 WL 1155764, at *8 (E.D.N.Y. Mar. 27, 2017) ("Courts in this Circuit have generally held that medical records are admissible under the business record exception to the hearsay rule, provided that they satisfy the requirements of FRE 803(6)."). Records of regularly conducted activities under Rule 803(6) must be authenticated either "by the testimony of the

4

custodian or another qualified witness, or by a certification that complies with Rule 902(11)." Fed. R. Evid. 803(6)(D).   Thus, to authenticate Penzo's medical records, she needed to lay a foundation for those documents either with a qualified witness at trial or by submitting a certification before trial.   *See id.*; *see also* Fed. R. Evid. 902(11).   Penzo did neither of those things.

In an attempt to cure this defect, Penzo argues that (1) *she* is a qualified witness who could have laid the necessary foundation for the documents, and/or (2) the district court should have accepted her belatedly offered certifications, which she proffered during trial.   Neither of these arguments holds water under the abuse of discretion standard.   With respect to Penzo's argument that she is a qualified witness who could have laid the necessary foundation, Rules 803(6)(D) and 902(11) permit business records to be authenticated either by the records custodian or by "another qualified person," Fed. R. Evid. 902(11), or "qualified witness," Fed. R. Evid. 803(6)(D). District courts in this Circuit typically do not permit plaintiffs to authenticate their own medical records at trial.   *See Mercado v. ChoYang Med. Co.*, No. 07-CV-3563, 2011 WL 13323649, at *2 (E.D.N.Y. Oct. 3, 2011) ("[A] plaintiff cannot authenticate [her] medical records herself; rather, they must be authenticated by a person or persons with knowledge of the origin of [the] records [and] of the manner in which they are kept or maintained." (internal quotation marks omitted)), *R&R adopted*, 2012 WL 13135370, at *1 (E.D.N.Y. Sept. 24, 2012); *see also Michaud v. United States*, No. 15-CV-1418, 2017 WL 4581791, at *3 (D. Conn. Oct. 13, 2017) ("The records plaintiff seeks to authenticate are plaintiff's own medical records, which may be introduced at trial by stipulation, by a certification, or through the treating provider . . . .").   That makes sense: authentic medical records are not created by the patients themselves, nor do they maintain them,

5

and so they cannot testify as to the requirements of Rule 803(6)(A)–(C); namely, that the records were made at or near the time the information was collected, that the record was kept in the course of a regularly conducted business activity, and that creation of the record was part of a regular practice. *See* Fed. R. Evid. 803(6)(A)–(C). So, too, for Penzo.

Second, the district court was not required to accept Penzo's belatedly offered certifications, which she only produced the morning she planned to have the records admitted at trial. While Penzo is correct that this Circuit prefers to adjudicate matters on the merits, as opposed to on technicalities, *see Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993), a district court is not required to permit a plaintiff to present evidence in clear violation of the Rules of Evidence. And the relevant evidentiary rule clearly requires that certifications must be provided to the opposing party "*[b]efore the trial*." Fed. R. Evid. 902(11) (emphasis added). Penzo did not submit her certifications until trial was well underway. As a result, the district court did not abuse its discretion by declining to accept those certifications and excluding the evidence in question. *Cf. Harris v. Bowden*, 349 F. App'x 601, 603 (2d Cir. 2009) ("The district court did not abuse its discretion by excluding . . . evidence as to which Appellant failed to provide proper notice by failing to identify in advance of trial the witnesses and documents or exhibits he intended to use at trial."); *Farkas v. Farkas*, 168 F.3d 638, 645 (2d Cir. 1999) (holding that the district court was within its discretion to exclude evidence that the plaintiff failed to include on her list of exhibits).

### B.      Witness Tampering

Penzo also argues that the district court improperly considered her motion for a new trial on the allegation of witness tampering under Rule 60, though she brought the motion under Rule

59.   We review the district court's selection of a legal standard *de novo*.  *Citigroup Glob. Markets Inc. v. Abbar*, 761 F.3d 268, 273 (2d Cir. 2014).

As an initial matter, Penzo does not cite any case law suggesting that the district court erred by considering her motion for a new trial under Rule 60 instead of Rule 59, as she labeled it. Penzo contends that it was error to treat her Rule 59(a) witness-tampering-based new-trial motion as a motion under Federal Rule of Civil Procedure 60(b), because Rule 60(b) imposes a higher burden of providing "clear and convincing evidence."   While the district court found that Penzo's motion did not meet that standard, it is hardly apparent that application of such a standard was an error.

There is plainly overlap between Rules 59 and 60(b) in terms of a motion's substance, in part because Rule 59(a) provides, as pertinent here, as follows:

> The court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason *for which a new trial has heretofore been granted in an action at law in federal court* . . . .

Fed. R. Civ. P. 59(a)(1)(A) (emphasis added).   Rule 60(b) allows courts to "relieve a party . . . from a final judgment, order, or proceeding for," *inter alia*, "misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3).   Such relief may include granting a new trial.   *See, e.g.*, *Thomas v. City of New York*, 293 F.R.D. 498, 504–07 (S.D.N.Y. 2013) (granting a new trial under Rule 60(b)(3) where the moving party "establish[ed] with clear and convincing evidence that the opposing party engaged in" an "isolated[ but] egregious[] incident of trial misconduct"), *aff'd sub. nom. Thomas v. McAullife*, 691 F. App'x 671 (2d Cir. 2017); *Jeanty v. City of Utica*, No. 23-369, 2024 WL 4429417, at *1, *3 (2d Cir. Oct. 7, 2024) (affirming the denial of a motion for relief from judgment under Rule 60(b)(3) based in part on contentions that the defendants suborned perjury

7

during trial where plaintiff "did not present clear and convincing evidence of fraud").

Moreover, whether the new-trial motion is made under Rule 59 or Rule 60(b), the standards to be applied are similar. We have indeed stated that to succeed on a Rule 60(b)(3) motion, the moving party must establish misconduct by "clear and convincing evidence," *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989), and "must show that the conduct complained of prevented the moving party from fully and fairly presenting his case," *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (internal quotation marks omitted). When a party moves for a new trial under Rule 59(a), the showing required of the movant seems little different from that required under Rule 60(b).

On a new-trial motion under Rule 59(a), "the burden of showing *harmful* error rests on the party seeking the new trial." 11 Wright, Miller & Kane, *Federal Practice and Procedure, Civil*, § 2803 (3d ed. 2025) (emphasis added). And we have explained that

> a district court may grant a new trial [under Rule 59(a)] even where there is substantial evidence to support the jury's verdict if the court is *convinced* that the verdict was *manifestly* erroneous.

*Manley v. AmBase Corp.*, 337 F.3d 237, 246 (2d Cir. 2003) (original emphasis and internal quotation marks omitted) (emphases added); *see Ali v. Kipp*, 891 F.3d 59, 64 (2d Cir. 2018) ("A trial court should not grant a [Rule 59] motion for a new trial unless it is convinced that the jury . . . reached a seriously erroneous result or that the verdict is a miscarriage of justice." (internal quotation marks omitted)).

Thus, it is not apparent that it was an error of law for the district court here to state that Penzo needed to support her Rule 59(a) new-trial motion with evidence that was "clear and convincing" when our precedents establish that under Rule 59(a) she needed to "convince" the

8

court that there was misconduct that was "manifestly" harmful to her case.

In any event, if we were to find error, we are instructed that, "[o]n the hearing of any appeal . . . in any case, the court shall give judgment after an examination of the record *without regard to errors or defects which do not affect the substantial rights of the parties.*" 28 U.S.C. § 2111 (emphasis added). And the record in the present case shows that if the district court had applied Rule 59 standards, doing so would not have resulted in a different outcome.

Here, Penzo did not meet her burden. Penzo argues that defense counsel engaged in impermissible witness tampering through a purportedly hostile interaction with Penzo's rebuttal witness in the courthouse immediately prior to the witness's testimony. In response to this allegation, the district court considered affidavits from Penzo's rebuttal witness, from the defense attorney who allegedly engaged in witness tampering, and from several other individuals who were present during the alleged witness tampering. The district court, however, concluded that Penzo had failed to put forth clear and convincing evidence of witness tampering, observing that apart from the rebuttal witness's affidavit, none of the other affidavits supported Penzo's version of events. The district court further noted that the rebuttal witness "did not appear apprehensive or distraught beyond the general nervousness that witnesses often display when testifying at trial," and that she answered both counsels' questions, including "respond[ing] fully to Plaintiff's counsel's questions on direct examination." Special App'x at 17, 20. Against this backdrop, the district court was within its discretion to conclude that Penzo had not satisfied her burden of demonstrating misconduct on the part of defense counsel. *Legg*, 820 F.3d at 78.

Moreover, Penzo has not identified additional information that would have come before the jury but for the alleged witness tampering, except to state that the witness would have

9

elaborated more on the topics about which she was questioned.   Penzo has not explained what additional, specific details her witness would have testified to, and it is hard to see how those unidentified details would have impacted the jury's verdict—especially given that the witness already testified to the topics in question.   Thus, Penzo has not shown that the jury's verdict was "seriously erroneous" or a "miscarriage of justice."   *Ali*, 891 F.3d at 64.   Even under the Rule 59 standard, the jury's verdict should not be disturbed.

## II.    Attorneys' Fees and Costs

Penzo argues that the district court erred by awarding her less than the requested amount of attorneys' fees and costs.   As a threshold matter, Penzo argues that the district court erred in precluding any award of fees for work done by the law firm Schlam Stone & Dolan LLP ("SSD") after it was allowed to withdraw from its representation of her at the district court, citing a potential conflict of interest.[2]   Penzo also argues that the district court erred in ruling that the reasonable hourly rate for the services of her primary attorney was $450, notwithstanding the attorney's statement that her current hourly rate was $650 and Penzo's argument that $650 was a reasonable rate in light of past awards in the Southern District of New York, adjusted for inflation; in reducing the total amount of hours by ten percent for block billing, vague time entries, and duplicative work; and in reducing the award of both fees and costs by thirty percent based on her limited success in the litigation.

We review for abuse of discretion the district court's determination of the amount of reasonable attorneys' fees under a fee-shifting statute.   *Alderman v. Pan Am World Airways*, 169

---

[2] Notably, SSD is counsel for Penzo in the instant appeal, having "later determined that no conflict precluded its representation" of her.   Appellant's Br. at 52.

F.3d 99, 102 (2d Cir. 1999).    That said, "[g]iven the district court's inherent institutional advantages in this area," this Court's review of such awards is "highly deferential."    *Lilly v. City of New York*, 934 F.3d 222, 227 (2d Cir. 2019) (internal quotation marks omitted).    Having reviewed the parties' arguments and the district court's thorough and well-reasoned order awarding attorneys' fees and costs, we find that the district court's decisions on those issues "fall[] within [the] range of permissible decisions."    *Zervos*, 252 F.3d at 169.    As a result, we do not disturb the award of fees and costs.

*          *          *

We have considered all of Penzo's remaining arguments and find them to be without merit. For the reasons set forth above, we **AFFIRM** the August 15, 2024 and August 28, 2024 orders of the district court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

11